UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

La Loma Holding, LLC,

Plaintiff,

v.

Panaderia La Loma #1, Inc.,
Panaderia La Loma #2, Inc., and
Supermercado La Loma, Inc.,

Defendants.

Civil Action _____

---

## COMPLAINT AND JURY DEMAND

---

La Loma Holding, LLC ("La Loma"), for its Complaint against Panaderia La Loma #1, Inc., Panaderia La Loma #2, Inc., and Supermercado La Loma, Inc. ("Defendants") states and alleges as follows:

## THE PARTIES

1. La Loma is a Minnesota Corporation, with its principal place of business at 1837 East 38th Street, Minneapolis, MN 55407.

2. La Loma is a restaurant, catering, and wholesale enterprise in the Twin Cities of Minnesota that serves and produces a wide variety of traditional Mexican food while specializing in Mexican tamales. La Loma has restaurants in Minneapolis and St. Paul and offers catering services throughout the Twin Cities. La Loma offers its hand-made tamales in a frozen retail package that is sold at many Hispanic Stores and at a large number of mainstream retail outlets throughout Minnesota.

3. On information and belief, Defendant Panaderia La Loma #1, Inc. is a Minnesota corporation with its principal place of business at 120 Willow Bend, Crystal, MN 55428.

4. On information and belief, Defendant Panaderia La Loma #2, Inc. is a Minnesota corporation with its principal place of business at 120 Willow Bend, Crystal, MN 55428.

5. On information and belief, Defendant Supermercado La Loma, Inc. is a Minnesota corporation with its principal place of business at 120 Willow Bend, Crystal, MN 55428.

6. Collectively, Defendants are in the business of selling baked goods and various Mexican supermarket items at three locations in Minnesota.

## JURISDICTION AND VENUE

7. This is an action for trademark infringement, deceptive trade practices, dilution and injury to business reputation, and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1114 *et seq.*; the Minnesota Deceptive Trade Practices Act (Minn. Stat. §§ 325D.44-45); Minn. Stat. 333.285; and the common law.

8. The Court has jurisdiction under 28 U.S.C. § 1338(a) and (b), and 1367. Venue is proper under 28 U.S.C. § 1391(b).

## LA LOMA'S TRADEMARK RIGHTS

9. La Loma is the owner of U.S. Registration No. 3,949,810 for the logo shown below for use in connection with catering, restaurants, tamales, frozen vegetables, meat and frozen meals.



10. La Loma also claims rights in the LA LOMA name for use in connection with restaurants and coffee shops dating back to 1999.

11. La Loma has invested substantial effort and money in promoting its products and services using the La Loma logo and LA LOMA trademarks (collectively, the LA LOMA Marks") and in carefully controlling the public's perception of the nature and quality of the goods and services associated with these marks. As a result, these marks have become extremely valuable assets to La Loma.

12. La Loma's marks are inherently distinctive and have acquired secondary meaning.

## DEFENDANTS' WRONGFUL CONDUCT

13. Defendants are in the business of selling baked goods and various Mexican supermarket items at three locations in Minnesota.

14. After La Loma had prominently used and promoted the LA LOMA Marks in connection with its stores, catering, and wholesale goods, Defendants opened their stores using the LA LOMA Marks.

15. In 2012, Defendants began conducting radio advertising campaigns on the same Spanish-language radio station that La Loma has advertised on for years. The advertisement specifically offered tamales as a promotion.

16. On information and belief, Defendants' use of the LA LOMA Marks has caused actual consumer confusion concerning the source of Defendants' products.

17. Defendants' use of the LA LOMA Marks is without consent, permission or license by La Loma.

18. Defendants' actions have damaged La Loma in an amount to be proven at trial.

19. The foregoing allegations are incorporated into the claims below:

## COUNT I
## Trademark Infringement Under Section 32(1) of the Lanham Act

20. La Loma restates and incorporates the previous allegations.

21. Defendants' use of the LA LOMA Marks is likely to cause consumer confusion. Consequently, Defendants' actions constitute trademark infringement under the Lanham Act, 15 U.S.C., § 1114(1).

22. On information and belief, Defendant has acted deliberately and willfully in an attempt to trade upon the goodwill associated with the LA LOMA Marks.

23. Defendants' conduct is causing, and will continue to cause, irreparable harm to La Loma unless it is enjoined by this Court.

24. La Loma has suffered damages as a result of Defendants' actions in an amount to be proven at trial.

25. The Court should further find that this is an exceptional case under 15 U.S.C. § 1117 and award La Loma treble damages and attorneys' fees.

## COUNT II
## Trademark Infringement Under Section 43(a) of the Lanham Act

26. La Loma restates and incorporates the previous allegations.

27. Defendants' unauthorized use of the LA LOMA Marks in connection with clothing is likely to cause confusion as to the affiliation, connection or association between La Loma and Defendants.

28. Defendants' actions also misrepresent the origin of Defendants' products that use the LA LOMA Marks because vendors and consumers are likely to think that such products originate with La Loma or are somehow affiliated with La Loma.

29. Defendants' use of the LA LOMA Marks infringes on La Loma's trademark rights under the Lanham Act, 15 U.S.C. § 1125(a)(1).

30. On information and belief, Defendants acted deliberately and willfully in an attempt to trade upon the goodwill associated with the LA LOMA Marks.

31. La Loma has suffered damages as a result of Defendants' actions in an amount to be proven at trial.

32. The Court should further find that this is an exceptional case under 15 U.S.C. § 1117 and award La Loma treble damages and attorneys' fees.

## COUNT III
### Violation of Minnesota Deceptive Trade Practices Act; Minn. Stat. § 325D.44

33. La Loma restates and incorporates the previous allegations.

34. LA LOMA is a trademark as defined in Minn. Stat. § 325D.43.

35. Defendants' use of the LA LOMA Marks and reference to tamales is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

36. Defendants' use of the LA LOMA Marks is likely to cause confusion or misunderstanding as to any affiliation, connection, or association between La Loma and Defendants.

37. Defendants' actions violate Minn. Stat. § 325D.44.

38. On information and belief, Defendants have willfully engaged in the above-described trade practices, knowing them to be deceptive.

39. As a result of Defendants' conduct, La Loma has been damaged in an amount to be proven at trial.

40. La Loma is entitled to an injunction and attorneys' fees under Minn. Stat. § 325D.45.

## COUNT IV
### Dilution and Injury to Business Reputation Under Minn. Stat. § 333.285

41. La Loma restates and incorporates the previous allegations.

6

42. The LA LOMA Marks are distinctive and famous in Minnesota.

43. Defendants use the LA LOMA Marks in connection with goods and services that, on information and belief, are substantially lower in quality compared to La Loma's products.

44. Defendants' use of the LA LOMA Marks violate Minn. Stat. § 333.285, in that it is causing dilution of the LA LOMA Marks and is willfully intended to trade on La Loma's reputation.

45. La Loma is entitled to injunctive relief, prohibiting further violation of its trademark rights.

46. On information and belief, Defendants have willfully engaged in the above-described conduct.

47. La Loma has suffered damages because of the dilution of its mark in an amount to be proven at trial.

## COUNT V
### Unfair Competition

48. Defendants' actions constitute unfair competition.

49. La Loma has been damaged as a result of Defendants' unfair competition in an amount to be proven at trial.

## JURY DEMAND

50. La Loma demands a jury trial.

WHEREFORE, La Loma asks the Court to:

1. Enter judgment against Defendants in favor of La Loma, in an amount to be proven at trial;

2. Preliminarily and permanently enjoin Defendant from using the LA LOMA Marks and any other confusingly similar mark;

3. Award La Loma the costs and attorneys' fees incurred in this action; and

4. Grant any other relief the Court deems just and equitable.

Dated: May 31, 2013

*/s/ Cynthia Moyer*
Cynthia A. Moyer (#211229)
Chelsea Brennan DesAutels (#392036)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Phone: (612) 492-7000
Fax: (612) 492-7077

**ATTORNEYS FOR PLAINTIFF LA LOMA HOLDING, LLC**

5469189_1.doc